**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**EUGENE F. KOREN, ROBERT E. MJOLSNESS, RICHARD G. OLSON, JOHN H. STINSON, and WILLIAM R. TROEHLER, for and in behalf of themselves and other persons similarly situated,**

Plaintiffs,

v.

**SUPERVALU INC. and PREFERRED PRODUCTS, INC.,**

Defendants.

Civil No. 00-1479 (PAM/JGL)

**PROTECTIVE ORDER**

---

APPEARANCES

Stephen Snyder, Esq. and Darrell Graham, Esq., for Plaintiffs.

Barbara D'Aquila, Esq. and Patrick Martin, Esq., for Defendants.

---

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 3, 2000, on Defendants' Motion for Protective Order (Doc. No. 16). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order (Doc. No. 16) is **GRANTED IN PART.** Until further order of this Court or stipulation of the parties, all discovery in litigation

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of the above matter shall be subject to this Protective Order as set forth below.

(1) As used herein, "Confidential Information" shall refer to all documents and other information produced or exchanged in the course of this matter, designated as "Confidential," and falling into one or more of the following categories:

a. Trade secrets or other confidential research, development, or commercial information pursuant to Fed. R. Civ. P. 26(c);

b. Documents and/or information that relate to or are part of the personnel files and/or personnel information of any past, present, and/or prospective employee(s) of the Defendants, and information which Defendants or the person(s) to whom such information refers may claim, understand, and/or believe to be private, secret, or personal, entrusted to someone in the scope or course of employment;

c. Medical records and other medical information;

d. Non-public financial information, including information regarding the earnings, profits, income, and/or financial status of the parties, including

wage and benefit documents regarding any employee of either Defendants;

e. Non-public information relating to the Plaintiffs' employment subsequent to their employment with Defendants;

f. Documents and/or information relating to any studies of any aspect of either Defendant's business by a third-party consultant, person, and/or entity; and

g. Documents, lists, and information containing the names, addresses, telephone numbers, social security numbers, employee identification numbers, and any other information personal to the individuals listed.

(2) All "Confidential Information" shall be used solely for the purpose of litigation of this matter. No individual receiving "Confidential Information" designated pursuant to this Order shall disclose said information or document(s) to any person, nor use it for any purpose, other than those specified herein.

(3) No "Confidential Information" shall be disclosed to any person or entity, other than the following "Qualified Persons:"

a. The named parties, including those officers or employees of the corporate Defendants, with a need to know such "confidential information";

b. Counsel for the parties in this action and staff of such counsel;

c. Agents and contractors of counsel for the parties in this litigation to the extent reasonably necessary to render professional services in this litigation;

d. Experts and consultants retained or employed to assist the counsel for the parties, to the extent deemed necessary by counsel for and in the preparation of this litigation;

e. The Court, court personnel, and stenographic reporters engaged to record testimony or the proceedings of this litigation;

f. Deponents and witnesses for deposition, trial, or any other hearing or proceeding in this litigation with a need to know such "confidential information," if counsel in good faith believe that the disclosure is necessary for the prosecution and/or defense of this action; and

g. Such other persons as the parties' counsel may agree in writing.

(4) Before making any disclosure of "confidential information" documents and/or information to any person or entity, the person or entity to whom the "confidential information" is to be given must agree to abide by the terms of this Order with respect to maintaining the confidentiality of such information or documents. Any person or entity, prior to receiving the "confidential information," must execute an agreement in the form attached hereto as "Exhibit A." This paragraph does not apply to any party's counsel or that counsel's staff, any party, the Court, court personnel, stenographic reporters, and deponents at their deposition. Deponents who receive "confidential information" in the course of their deposition shall be informed by counsel that the documents and/or information are confidential and that the deponent is bound to keep the documents and/or information confidential by Court order and shall not disclose said documents and/or information to any person or entity for any reason.

(5) Any party or third party deposed in this litigation may designate portions of their deposition transcript, taken in the course of this litigation, as "confidential information" if such party or person and their counsel of record have a reasonable, good faith belief that the page(s) designated contain "confidential information" subject to protection pursuant to the categories set forth above. All such designations must be made in writing and sent to all counsel of record in

this litigation within thirty (30) days after receipt of the deposition transcript.

In the event that any party disagrees with the designation by the supplying party that documents and/or information are confidential, the disagreeing party shall serve an objection to such designation and the parties shall first try to resolve such dispute in good faith on an informal basis. If the parties are unable to resolve the dispute within five business days of the receipt of such objection, the party challenging the confidentiality designation may seek appropriate relief from this Court. The burden of proving the appropriateness of the designation shall be on both (a) the challenging party to show that the documents and/or information designated as "confidential information" are not confidential; and (b) the designating party to show that the materials are in fact "confidential." Until the Court resolves any confidentiality dispute, the materials will remain confidential under the terms of this Protective Order.

(6) Any information or documents designated as "confidential information" that are filed with the Court shall be filed under seal and shall clearly inform the Clerk of Court that the material is to be maintained under seal by the Clerk of Court as directed in this Order.

(7) The Clerk of Court is directed to maintain under seal all documents, transcripts of deposition testimony, and any other

documents and/or information filed in the above matter that have been designated as "confidential information."

(8) At the conclusion of the above matter, all "confidential information," including any documents and materials containing "confidential information," shall be returned to the producing party's counsel within sixty days of the final termination of this matter, or destroyed. Nothing in this paragraph shall preclude counsel for any party from maintaining copies of work product materials, which in the good faith judgment of the counsel must be maintained for purposes of defending against potential malpractice claims, provided that such counsel serve counsel for the producing party with a written notice that the work product is being preserved until the end of the applicable statute of limitations period and provided that at the end of the applicable statute of limitations period, all such work product material is destroyed.

(9) Any party to this Protective Order may apply to the Court at any time for modification of this Order.

(10) This Protective Order is to be read broadly so as to provide the maximum protection to all documents and information.

Dated: November 14, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil No. 00-1479 (PAM/JGL)

**EUGENE F. KOREN, ROBERT E. MJOLSNESS, RICHARD G. OLSON, JOHN H. STINSON, and WILLIAM R. TROEHLER, for and in behalf of themselves and other persons similarly situated,**

Plaintiffs,

v.

**SUPERVALU INC. and PREFERRED PRODUCTS, INC.,**

Defendants.

**UNDERSTANDING AND AGREEMENT PURSUANT TO PROTECTIVE ORDER**

By signing this document, I hereby certify that I have read the Protective Order in the above-captioned case, and agree to abide by the terms and conditions of the Protective Order. I understand that any violation of the Protective Order by me or anyone acting under my direction may subject me to penalties for contempt of Court and/or other relief sought by a party to the above-captioned matter. I hereby consent to the personal and subject matter jurisdiction over me by the Court for purposes of enforcing my agreement here.

Date: ______________

______________________________
Signature

______________________________
Name (Printed)

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 3/98