**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**EUGENE F. KOREN, ROBERT E. MJOLSNESS, RICHARD G. OLSON, JOHN H. STINSON, and WILLIAM R. TROEHLER, for and in behalf of themselves and other persons similarly situated,**

Plaintiffs,

v.

**SUPERVALU, INC., and PREFERRED PRODUCTS, INC.,**

Defendants.

Civil No. 00-1479 (I:AM/JGL)

**O R D E R**

---

APPEARANCES

Stephen Snyder, Esq. and Darrell Graham, Esq., for Plainti:fs.

Barbara D'Aquila, Esq. and Patrick Martin, Esq., for Defenc.ants.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 3, 2000, on Defendants' Motion for Protective Order (Doc. No. 16) and Motion to Suspend the Requirements of Rule 26(a)(1) Relating to Initial Disclosures, Permanently (Doc. No. 8). The Motion for Protective Order (Doc. No. 16) was addressed in a previous Order. The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

NOV . 5 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

This litigation arises out of an employment relationship between the parties. The five named Plaintiffs in the Complaint asserted, among other claims, individual and representative claims under the Age Discrimination in Employment Act ("ADEA"). The parties began the discovery process immediately after holding their Fed. R. Civ. P. 26(f) conference on August 31, 2000. Plaintiffs made their initial disclosures under Rule 26(a)(1) on September 22, 2000. Defendants have not yet made any initial disclosures.

In the pending motion, Defendants seek to permanently suspend the initial disclosures required under Fed. R. Civ. P. 26(a)(1). A Protective Order has been issued in this case.

## II. DISCUSSION

Defendants request an order essentially excusing them from complying with Fed. R. Civ. P. 26(a)(1). Rule 26(a)(1) provides that "a party shall, without awaiting a discovery request, provide to other parties" certain basic discoverable information, including the names of each individual likely to have discoverable information and a copy or description by category and location of all documents in the possession, custody, or control of the party. Fed. R. Civ. P. 26(a)(1). The information produced must be relevant to the disputed facts that have been alleged with particularity in the pleadings, and "[a] party shall make its initial disclosures based on the information then reasonably available to it and

is not excused from making its disclosures because it has not fully completed its investigation of the case . . . ." Id. Furthermore, each party must make its disclosures within ten days after the parties' Rule 26(f) conference meeting. See id.

Defendants argue that the parties began the discovery process immediately after their Rule 26(f) conference, thereby obviating the need for their Rule 26(a)(1) initial disclosures. Plaintiffs respond that, although the discovery process began immediately, Plaintiffs have not received the information that would have been contained in Defendants' Rule 26(a)(1) initial disclosures. Rule 26(a)(1) serves as a functional equivalent of court-ordered interrogatories and requires early disclosure of four types of information customarily obtained. See Fed. R. Civ. P. 26 advisory committee's notes to the 1993 Amendments, subd. (a). Each party is required to produce this basic information in the interest of reducing litigation costs. See id. Furthermore, the committee noted that litigants "should not indulge in gamesmanship with respect to the disclosure obligations." Id.

Defendants admit that they have not complied with Fed. R. Civ. P. 26(a)(1), either in actuality or in spirit. The Court finds no reason to suspend the requirements of the Rule, and therefore, Defendants' motion is denied. Simply because parties begin the discovery process immediately after a Rule 26(f) conference is not a basis for circumventing the requirements of Rule 26(a)(1).

Defendants further argue that an ADEA representative action is no different than a Fed. R. Civ. P. 23 class action, and therefore they should be exempt from Rule 26(a)(1) initial disclosures pursuant to D. Minn. LR 26.1(a)(1)(A). ADEA representative actions, however, are not governed by Fed. R. Civ. P. 23 and its "opt-out" class formation. See Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 265 (D. Minn. 1991). Instead, the ADEA expressly adopts the provisions of the Fair Labor Standards Act, under which persons become members of the class only if they "opt-in." See 29 U.S.C. §§ 201 et seq., 216(b); Severtson, 137 F.R.D. at 265. The Local Rule specifically exempts only Rule 23 class actions, and the Court will not extend the Rule to apply to other actions. Furthermore, after carefully reading LR 26.1, the Court sees no other language in the Rule that would apply to Defendants in this case. Therefore, Defendants' motion to suspend the requirements of Fed. R. Civ. P. 26(a)(1) is denied on this basis as well.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Suspend the Requirements of Rule 26(a)(1), Relating to Initial Disclosures, Permanently (Doc. No. 8) is **DENIED.**

Dated: November 15, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge