**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**EUGENE F. KOREN, ROBERT E. MJOLSNESS, RICHARD G. OLSON, JOHN H. STINSON, and WILLIAM R. TROEHLER, for and in behalf of themselves and other persons similarly situated,**

Plaintiffs,

v.

**SUPERVALU, INC., and PREFERRED PRODUCTS, INC.,**

Defendants.

---

Civil No. 00-1479 (PAM/JGL)

**ORDER**

APPEARANCES

Craig Brandt, Esq. and Darrell Graham, Esq., for Plaintiffs.

Barbara D'Aquila, Esq. and Patrick Martin, Esq., for Defendants.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on December 5, 2000, on Defendants' Motion to Compel Discovery (Doc. No. 27); Plaintiffs' Motion to Compel Discovery (Doc. No. 30); and Plaintiffs' Motion to Amend Complaint (Doc. No. 35). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED JAN 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

This litigation arises out of an employment relationship between the parties. The five named Plaintiffs in the Complaint asserted, among other claims, individual and representative claims under the Age Discrimination in Employment Act ("ADEA"). In the pending motions, Plaintiffs seek to amend the Complaint and to compel discovery responses. Defendants also seek to compel discovery responses.

## II. DISCUSSION

### A. Plaintiff's Motion to Amend the Complaint

Plaintiffs request leave to amend the Complaint to add Glenn E. Fischer ("Fischer") as a named plaintiff, and to clarify, limit and narrow the scope of the Plaintiffs' allegations concerning the pattern or practice of age discrimination by the Defendants. Defendant opposes only the addition of Fischer as a plaintiff. Thus, based upon the representations of counsel, Plaintiff's motion is granted as to the proposed changes relating to clarification, limitation, and narrowing of scope of Plaintiffs' allegations.

The Pretrial Order in this case established a deadline of February 28, 2001 for motions seeking to amend the pleadings or add parties. (Doc. No. 11.) The Court notes that Plaintiffs filed their motion to amend on November 21, 2000, and the hearing occurred on December 5, 2000, well in advance of the deadline.

Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings; leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts have taken a liberal position for leave to amend, and such motions should usually be granted absent good reason for a denial. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Good reasons for rejecting a proposed amendment are "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment . . . ." Id. citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Inclusion of a claim or defense based on facts already known or available to both parties ordinarily does not prejudice the non-movant. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) (citation omitted). Finally, a party's motion to amend should be denied only if it asserts "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (quoting Buder, 644 F.2d at 695).

Defendants argue that Plaintiffs' addition of Fischer as a named plaintiff is futile, as Fischer's claims are barred as a matter of law, and therefore Plaintiffs' motion should be denied. First, Defendants assert that Fischer's claims are barred by the applicable statutes of limitations. Under the ADEA, a charge must be filed with the EEOC within 300 days after the alleged unlawful practice occurred. See 29

U.S.C. § 626(d). Sixty days after the charge has been filed, a civil action may be commenced. See id. Fischer's last date of employment was February 28, 1998. Thus, Fischer would have had to file a claim with the EEOC by December 28, 1998. He did not do so, and therefore his claim is untimely.

Plaintiffs further argue that Fischer can opt-in to this lawsuit, and therefore the lack of an individual filing with the EEOC is irrelevant. However, in order to opt-in, Fischer must be similarly situated to the plaintiffs. See 26 U.S.C. § 216(b). Additionally, the putative class plaintiff can only represent those individuals "who could have filed a timely charge on the same date as the named plaintiff." Church v. Consolidated Freightways, Inc., 137 F.R.D. 294, 309 (N.D. Cal. 991) (quoting Walker v. Mountain States Tel. & Tel. Co., 112 F.R.D. 44, 47 (D.Colo. 1986)). Specifically, Fischer could not have filed a timely charge on the same date as the named plaintiffs. The earliest charge of discrimination filed by any of the named plaintiffs was January 28, 1999, a date more than 300 days past Fischer's termination date. Thus, Fischer's ADEA claim is untimely as a matter of law. Plaintiffs' motion to amend to add Fischer as a plaintiff is therefore denied, on the grounds that the amendment would be futile.

Defendants also assert that Fischer cannot maintain a claim under the Minnesota Human Rights Act ("MHRA") because the claim is untimely. The Court agrees. Under the MHRA, Fischer had one year

from the date of the alleged discriminatory act to file a lawsuit or charge of discrimination. Fischer did neither. There is no mechanism under the MHRA to opt-in to an existing lawsuit or file a consent to sue form. Thus, Fischer could not bring a timely MHRA claim, and to add him as a plaintiff would be futile. Therefore, Plaintiffs' motion to amend to add Fischer as a plaintiff must be denied on these grounds as well.

Second, even if Fischer's claims were not time-barred, Defendants point to Fischer's executed release, which bars any claims brought under the ADEA. An employee may not waive an ADEA claim unless the waiver or release satisfies the requirements of the Older Workers Benefit Protection Act ("OWBPA"). See Oubre v. Entergy Operations, Inc., 522 U.S. 422, 426-27 (1998). If a dispute arises over whether the provisions of the OWBPA have been met, "the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary . . ." 29 U.S.C. § 626(f)(3). Defendants assert that the release satisfies the OWBPA, and the Court agrees. Thus, even if Fischer were not time-barred from bringing his claims, he released his claims by signing the separation agreement, and he is not a proper party to this suit.

Therefore, the Court finds that Plaintiffs' proposed amendment to add Fischer as a plaintiff is futile as a matter of law.

Plaintiff's motion to amend the Complaint to add Fischer as a party is denied.

**B. Motions to Compel Discovery**

**1. Scope of Discovery**

The Federal Rules of Civil Procedure contemplate liberal discovery. The information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. That is, the information must be relevant to the subject matter of the litigation. Additionally, discovery should not be limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. Additionally, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. See Oppenheimer Fund, 437 U.S. at 351.

**2. Plaintiffs' Interrogatories**

Plaintiffs complain that Plaintiffs' Interrogatories 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 17, and 21 were answered inadequately by Defendants and with improper objections. The Court finds that Plaintiffs failed to show the relevance for Interrogatory Number 13, and therefore their request to compel an answer to that interrogatory is denied. However, Interrogatories 2-4, 6-9, 11-12, 17, and 21 are clearly relevant and deserve answers beyond Defendants' cut-and-paste objections. Therefore, Defendants shall provide Plaintiffs with complete answers to Interrogatories 2-4, 6-9, 11-12, 17, and 21 within fourteen days of this Order. However, the scope of Interrogatory 3 shall be limited to the years 1997-1999, and shall further be limited to PPI and the Home Office, as Plaintiffs have failed to establish legal grounds for extension beyond those units of the company.

**3. <u>Plaintiffs' Document Requests</u>**

Plaintiffs complain that Defendants have not complied with Plaintiffs' Document Requests 1, 12, 14, 15, 17, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 42, and 43. The Court will not infer relevance, and Plaintiffs have failed to show the relevance for Document Request Numbers 12, 42, and 43, and therefore their request to compel production of those documents is denied. Additionally, Document Request Number 37 is denied on the grounds that it is too overbroad to be relevant. However, Document Requests 1, 14, 15, 17, 26, and 36 are clearly relevant and discoverable. Thus, Plaintiffs' motion is granted as

to those document requests. Furthermore, Document Requests 27, 28, 29, 30, 31, 32, 33, 34, and 35 are relevant based on Defendants' own statement:

> One of the [sic] SUPERVALU's key initiatives was a program called "ADVANTAGE." ADVANTAGE started out as an intensive analytical effort between the company and a prominent outside consulting firm, Booz-Allen Hamilton, and resulted in a program designed to position the company competitively. A primary objective of ADVANTAGE was to achieve efficiency by eliminating duplication and reducing overall staff. To achieve the desired efficiency, it was anticipated that ADVANTAGE would dramatically alter almost every process and business system in the company.

(Letter from Flynn & Gaskins to EEOC of 4/16/99, at 3.) Thus, Defendants shall produce the requested documents for Document Requests 27-35 within fourteen days of this Order, with the following limitations: the scope shall be limited to the years 1997-1999, and shall further be limited to those documents relating to employees of PPI and the Home Office only.

### 4. Defendants' Motion to Compel

Defendants complain that Plaintiffs have (1) failed to provide separate discovery responses for each plaintiff; (2) failed to provide the requested detail in their interrogatory answers; (3) made "we'll produce if you produce" objections; and (4) failed to provide multiple categories of documents as requested. Plaintiffs have agreed to provide separate discovery responses for each plaintiff. Plaintiffs further removed their

"we'll produce if you produce" objections to the document requests, and served amended responses. Thus, based upon the representations of counsel, these portions of Defendants' motion are denied as moot.

**5. <u>Defendants' Interrogatories</u>**

Plaintiffs assert that their responses to Defendants' discovery requests included all of the requested, non-privileged information known to them at the time of answering. Furthermore, Plaintiffs suggest that their responses are at least as complete as Defendants' responses to Plaintiffs' discovery requests, and therefore any relief the Court grants should apply evenly to all the parties. This is an inappropriate suggestion, unfounded in the law. Either Plaintiffs answered properly, or they did not answer properly. The Court will not engage in a comparative analysis of the parties' answers to determine whether Plaintiffs' answers are sufficient in light of the adequacy of Defendants' answers to Plaintiffs' discovery requests. Plaintiffs further suggest that the length of their responses attest to the completeness of their responses. The Court notes that length has no bearing on the adequacy of discovery responses; it is the substance of the answers that determine whether the responses are sufficient and responsive.

After thoroughly reviewing all ninety-eight pages of Plaintiffs' Responses to Defendants' Interrogatories, the Court concludes that Plaintiffs, while providing much of the information requested, have not provided all of the information requested. The Court further finds that

Defendants' Interrogatories contain requests for information that are relevant and discoverable. Thus, Plaintiffs shall, in their individual answers to the interrogatories, supplement their answers with the appropriate information as follows:

Plaintiffs shall supplement Interrogatory Number 1 to the extent they have not provided specific facts, but only asserted generalities, and shall include whether the things known to each individual named have been written down or recorded anywhere.

Plaintiffs shall supplement Interrogatory Number 3 with the requested detail regarding admissions. Plaintiffs must provide details as to what thc purported admission was, to whom it was made and when, the names of every person having knowledge of the admission, whether the admission was oral or written, and if written, the location of the document.

Plaintiffs shall supplement Interrogatory Number 4 with specific damages information and complete mitigation information. Defendants are entitled to know specifically what damages Plaintiffs are claiming.

Plaintiffs shall supplement Interrogatory Number 5 with specific facts regarding any alleged pattern and practice of discrimination.

Plaintiffs shall supplement Interrogatory Number 6 with specific facts enumerating individual instances of discrimination.

**6. Defendants' Document Requests**

The Court carefully reviewed Plaintiffs' Responses to Defendants' Request for Production of Documents and Things: Set One, and Plaintiffs' Amended Responses to Portions of Defendants' Request for Production of Documents and Things: Set One. Plaintiffs have refused to produce documents for several of Defendants' requests under general objections. However, in their memorandum to the Court, Defendants set forth solid reasons why each of the contested requests are relevant and fit within the Rule 26 standard of "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26. Therefore, Defendants' motion is granted. Plaintiffs shall produce all non-privileged documents in their possession or control that are in response to Defendants' Document Request Numbers 7, 9, 11, 17, 19-27, 29-30, 32, 37-39, 41, 51, 53, 67, 71, and 73.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion to Compel Discovery (Doc. No. 27) is **GRANTED IN PART** and **DENIED IN PART** as set forth in the body of this Order;

(2) Plaintiffs' Motion to Compel Discovery (Doc. No. 30) is **GRANTED IN PART AND DENIED IN PART** as set forth in the body of this Order;

(3) Plaintiffs' Motion to Amend Complaint (Doc. No. 35) is **GRANTED IN PART** and **DENIED IN PART** as set forth in the body of this Order; and

(4) All responses to interrogatories and document requests required by both parties as set forth in the body of this Order shall be served upon counsel for the parties within fourteen days after receipt of this Order.

Dated: January 19, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge