**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**EUGENE F. KOREN, ROBERT E. MJOLSNESS, RICHARD G. OLSON, JOHN H. STINSON, and WILLIAM R. TROEHLER, for and in behalf of themselves and other persons similarly situated,**

Plaintiffs,

v.

**SUPERVALU, INC., and PREFERRED PRODUCTS, INC.,**

Defendants.

Civil No. 00-1479 (PAM/JGL)

**ORDER**

APPEARANCES

Craig Brandt, Esq. and Darrell Graham, Esq., for Plaintiffs.

Barbara D'Aquila, Esq. and Patrick Martin, Esq., for Defendants.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on February 20, 2001, on Defendants' Motion for Protective Order (Doc. No. 66), and Plaintiffs' Motion to Modify Portions of the Pretrial Schedule (Doc. No. 70). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

MAR 14 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

This litigation arises out of an employment relationship between the parties. The five named Plaintiffs in the Complaint asserted, among other claims, individual and representative claims under the Age Discrimination in Employment Act ("ADEA"). In the pending motions, Plaintiffs seek to amend portions of the Pretrial Order. Defendants seek a protective order limiting the topics that Plaintiffs may explore through their noticed Rule 30(b)(6) deposition.

## II. DISCUSSION

### A. Plaintiff's Motion to Amend Portions of the Pretrial Order

Plaintiffs request two modifications to the Pretrial Order. First, Plaintiffs request that the June 30, 2001 deadline for filing non-dispositive motions be extended to September 30, 2001 to correspond with the discovery deadline. Defendants stated at the hearing that they have no objection to this extension. Thus, based upon the representations of counsel, this portion of Plaintiffs' motion is granted.

Second, Plaintiffs request that the February 28, 2001 deadline to amend the pleadings or add parties be extended to June 30, 2001. Plaintiffs argue that they essentially "lost" four months of the discovery period due to Defendants' stall tactics, and want to "make it up." (Pls.' Mem. Supp. Mot. Modify Portions of Pretrial Schedule at 2-3.) Defendants oppose this extension, asserting that they gave Plaintiffs the

necessary discovery information, and that extension of the deadline will in fact cause undue delay in the trial ready date.

Modifying a pretrial scheduling order requires a showing of good cause by the moving party. See D. Minn. LR 16.3. Good cause requires the party seeking the extension to show diligence in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983); Archer Daniels Midland Co. v. Aon Risk Serv., Inc. of Minn., 187 F.R.D. 578, 582 (D. Minn. 1999). In this case the Court finds that Plaintiffs have not made the requisite showing of good cause. Plaintiffs have not shown that they are lacking any discovery information which would have allowed them to establish the existence of additional potential plaintiffs or the appropriateness of a Sperling motion. Furthermore, the Court finds that Defendants would be severely prejudiced by the extension if granted at this time. Therefore, this portion of Plaintiffs' motion is denied.

**B. Defendants' Motion for Protective Order**

Defendants request a protective order limiting the scope of Plaintiffs' Rule 30(b)(6) deposition topics. A protective order is appropriate to limit the scope of discovery or disclosures. See Fed. R. Civ. P. 26(c)(4). A court has broad discretion in determining whether a protective order is warranted and the appropriate degree of protection. See May Coating Techs., Inc. v. Illinois Tool Works, 157 F.R.D. 55, 57 (D. Minn. 1994) (citations omitted). Protective orders may be issued, for

good cause shown and when justice requires, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and may include:

> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; . . .
>
> . . . [T]he court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

Fed. R. Civ. P. 26(c).

The party seeking a protective order bears the burden of showing "good cause" for the order, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. See Rolscreen v. Pella Prods. of St. Louis, Inc., 145 F.R.D. 92, 96 (S.D. Iowa 1992) (citing Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 n.5 (8th Cir. 1979); General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973)). Defendants must make a "specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." Rolscreen, 145 F.R.D. at 96 (citations omitted). This requirement

"furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts." Id. (citation omitted).

In the present case, the protective order proposed by Defendants is broad and quite restrictive. A showing that proposed discovery would be irrelevant satisfies the good cause requirement of Rule 26(c). See Smith v. Dowson, 158 F.R.D. 138, 140-41 (D. Minn. 1994); Johnson v. Mortham, 164 F.R.D. 571, 572 (N.D. Fla. 1996) (as protective order may limit the scope of discovery to issues to be decided in a case). However, despite the highly contentious nature of this litigation, the accusations of impropriety at issue, and the notable acrimony between the parties, this Court finds that Defendants have not demonstrated that good cause exists for a protective order for most of the topics at issue. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

**1. Scope of Discovery**

The Federal Rules of Civil Procedure contemplate liberal discovery. The information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably

could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. That is, the information must be relevant to the subject matter of the litigation. Additionally, discovery should not be limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. Moreover, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. See Oppenheimer Fund, 437 U.S. at 351.

**2. Recent Changes to Rule 26(b)**

Defendants argue that Plaintiffs are not entitled to the information they seek, based upon the December 1, 2000 amendment to Fed. R. Civ. P. 26(b)(1), which provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26(b)(1) (2000). The major change to the Rule appears to be in the first sentence, allowing discovery of material relevant to a claim

or defense of any party. Prior to December 1, 2000, Rule 26(b) allowed for discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." Fed. R. Civ. P. 26(b)(1) (1993).

The Advisory Committee noted that under the previous Rule 26, and particularly in cases involving large quantities of discovery, discovery requests tended to "sweep far beyond the claims and defenses of the parties on the ground that they nevertheless have a bearing on the 'subject matter' involved in the action." Fed. R. Civ. P. 26 advisory committee's note. The amendment to Rule 26(b)(1) "is designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Id. Although the new rule intends for the parties to focus on the actual claims and defenses involved in the action, a variety of information "not directly pertinent to the incident in suit could be relevant to the claims or defenses" in the lawsuit, including information about organizational arrangements or filing systems, and information that could be used to impeach a likely witness. Id. The new Rule allows discovery of any matter relevant to any existing claim or defense of any party, and signals there is no longer an entitlement to discovery of information to develop new claims or defenses not already identified in the pleadings. Id.

The present situation seems to be similar to the sweeping and contentious discovery circumstances that the Advisory Committee had in mind as it amended this rule. However, under the new Rule 26(b)(1), the scope of discovery remains broad, and Plaintiffs need only to show relevance to the substance of any party's claim or defense in this action.

3. **<u>Plaintiffs' 30(b)(6) Deposition Topics 1, 3, 4, 8, 9, 10, and 11</u>**

Defendants agreed to produce corporate representatives for depositions by Plaintiffs as to the various areas indicated in Plaintiffs' 30(b)(6) deposition topics 1, 3, 4, 8, 9, 10, and 11. However, Defendants seek a protective order limiting those depositions "in accordance with defendants' understandings set forth in Exhibit G." (Defs.' Mem. Supp. Mot. Protective Order at 8.) The Court agrees with Plaintiffs that granting Defendants' request would likely create an ambiguous and unworkable situation. Furthermore, the Court finds nothing in Plaintiffs' language that is inherently confusing or unclear, nor have Defendants made the requisite showing of good cause. Thus, this portion of Defendants' motion is denied, and Defendants shall produce corporate representatives for deposition on these topics pursuant to Fed. R. Civ. P. 30(b)(6).

4. **<u>Plaintiffs' 30(b)(6) Deposition Topic 2</u>**

Topic 2 of Plaintiffs' 30(b)(6) deposition notice seeks information regarding any administrative charge that included an

allegation of age discrimination and that was filed with the Equal Employment Opportunity Commission ("EEOC") or the Minnesota Department of Human Rights ("MDHR") by any current or former employee of Defendants' Home Office or PPI. (Snyder Aff. Ex. A at 2-3.) Defendants argue that the scope of this topic is "overbroad, cumulative, and seeks irrelevant information." (Defs.' Mem. Supp. Mot. Protective Order at 4.) Defendants seek a protective order "holding that ¶ 2 is irrelevant and that defendants do not need to respond." (Id. at 5.)

The Court finds that Plaintiffs' Topic 2 regarding other administrative charges is relevant in this matter. In fact, in amending Rule 26(b)(1), the Advisory Committee specifically stated that "other incidents of the same type . . . could be properly discoverable under the revised standard." Fed. R. Civ. P. 26(b)(1) advisory committee's note. Additionally, plaintiffs in discrimination cases may prove discrimination through indirect, circumstantial, probative evidence. See Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988) (quoting Riordan v. Kempiners, 831 F.2d 690, 697 (7th Cir. 1987)).

> Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices – evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive.

Id. While it is true that Plaintiffs must ultimately prove that their particular treatment by Defendants was unlawful, Plaintiffs are entitled to discover information relating to Defendant's prior acts of discrimination, if any, to support their claims. See id. Any such information is relevant to Defendant's motives, even where the information is not extensive enough to establish discriminatory animus by itself. See id. at 1104. Whether any other age discrimination charges were filed with the EEOC or MDHR is directly relevant to Plaintiffs' claims.

However, Defendants assert that even though they believe the material to be irrelevant, they have already provided Plaintiffs with the requested information. Defendants claim that there are no charges that are responsive to this section of the deposition notice. (Defs.' Mem. Supp. Mot. Protective Order at 5.) Plaintiffs argue that they are entitled to test Defendants' attorneys' assertions that there are no such charges by deposing a corporate representative on this issue. The Court agrees. Thus, this portion of Defendants' motion is denied, and Defendants shall produce corporate representatives for deposition on this topic pursuant to Fed. R. Civ. P. 30(b)(6).

**5. Plaintiffs' 30(b)(6) Deposition Topics 5 and 7**

Topics 5 and 7 of Plaintiffs' 30(b)(6) deposition notice seeks information regarding every waiver or release of rights or claims under the ADEA or the MHRA by any employee of Defendants' Home Office, and

any offer of benefits made by Defendants to an employee of its Home Office in consideration for the employee's resignation. (Snyder Aff. Ex. A at 3.) Defendants argue that this request is overbroad, irrelevant, not limited to a reasonable time, cumulative, and highly intrusive, therefore requiring a protective order to shield Defendants from having to produce a corporate deponent. Plaintiffs argue, on the other hand, that Defendants have offered nothing beyond conclusory statements, which does not meet the "good cause" standard. See Rolscreen, 145 F.R.D. at 96 (citations omitted).

The Court finds that as to Topic Number 5, the topic is overbroad in that it seeks information regarding all discrimination claims. However, the topic is relevant to this lawsuit regarding age discrimination claims. Thus, the Court will grant this portion of Defendants' motion in part by limiting Topic Number 5 to age discrimination claims; Defendants shall produce corporate representatives for deposition on this topic in its limited form pursuant to Fed. R. Civ. P. 30(b)(6).

The Court further finds that as to Topic Number 7, offers of benefits made to employees of Defendants' Home Office in consideration for the employees' resignation is relevant, and Defendants' have not demonstrated good cause for a protective order on this topic. Thus, this portion of Defendants' motion is denied, and Defendants shall produce

corporate representatives for deposition on this topic pursuant to Fed. R. Civ. P. 30(b)(6).

**6. Plaintiffs' 30(b)(6) Deposition Topic 6**

Topic 6 of Plaintiffs' 30(b)(6) deposition notice involves each exit incentive or employment termination program offered, since January 1, 1995, to any group or class of employees that includes any employee of Defendant's Home Office. (Snyder Aff. Ex. A at 3.) Defendants assert that a protective order is necessary because "there was no 'exit incentive program' or 'other employment termination program' as defined by the OWBPA." (Defs.' Mem. Supp. Mot. Protective Order at 6.)

Plaintiffs argue that they should not have to take defense counsel's word that no exit incentives were offered, but should be allowed to test this statement in depositions under the Federal Rules of Civil Procedure. The Court agrees. Plaintiffs are entitled to depose Defendants' corporate representative on the topic of exit incentives and employment termination programs, and explore statements made by former employees that contradict defense counsel's claim that there were no such programs. Defendants have not shown what harm they will suffer, and consequently have not demonstrated good cause for a protective order on this topic. Therefore, this portion of Defendants' motion is denied, and Defendants shall produce corporate representatives for deposition on this topic pursuant to Fed. R. Civ. P. 30(b)(6).

**7. Plaintiffs' 30(b)(6) Deposition Topic 12**

Plaintiffs' 30(b)(6) deposition notice Topic Number 12 involves forms and documents relating to Defendants' Home Office and PPI employees that contain the employees' dates of birth. Plaintiffs seek information on what types of documents contain the birth date information, where those documents are located, and who has access to the documents. (Snyder Aff. Ex. A at 5.) Defendants argue that this topic is overbroad and that this Court has already determined that Plaintiffs' document request seeking the actual forms and documents was too broad to be relevant. (Order of January 19, 2001 at 7.) Plaintiffs argue that the purpose of this topic is to ascertain which documents could be requested in a narrowed document request, and emphasize that they are not seeking the actual production of such documents at this time.

Defendants incorrectly "presume there is no need for further discovery." (Defs.' Mem. Supp. Mot. Protective Order at 7.) Age discrimination claims are directly linked with the claimants' age, which is determined by their birth dates. Plaintiffs are entitled to find out what types of documents containing employees' birth dates are routinely kept by Defendants, and who has access to those documents, so that they may narrow their document request. Thus, this portion of Defendants' motion is denied, and Defendants shall produce corporate

representatives for deposition on this topic pursuant to Fed. R. Civ. P. 30(b)(6).

**8. Plaintiffs' 30(b)(6) Deposition Topic 13**

Defendants have produced numerous documents in response to Plaintiffs' document requests, and produced a document source log for those documents produced prior to this Court's January 19, 2001 Order. (Pls. Mem. Resp. Defs.' Mot. Protective Order at 8.) Plaintiffs' 30(b)(6) deposition notice Topic Number 13 seeks to discover the location of documents produced by Defendants after the Court's Order of January 19, 2001, for which Plaintiffs claim they have received no source information. (Id.; Snyder Aff. Ex. A at 5.) Defendants have not demonstrated that they have provided a source log for those documents produced subsequent to this Court's prior order, nor have Defendants shown good cause as to why a protective order should issue on this topic. Therefore, this portion of Defendants' motion is denied. Defendants shall produce, forthwith, a document source log for those documents produced after this Court's Order of January 19, 2001, or Defendants' shall produce a corporate deponent on this topic pursuant to Fed. R. Civ. P. 30(b)(6).

**9. Plaintiffs' 30(b)(6) Deposition Topic 14**

Plaintiffs seek to establish the methods Defendants used to search for and produce documents in this matter. (Snyder Aff. Ex. A at 5.) Rule 34(b) provides that documents should be produced as they are

kept in the usual course of business or they should be organized and labeled to correspond with the categories in the document request. See Fed. R. Civ. P. 34(b).[1] Defendants state that they will "produce a person who will provide testimony to the extent not privileged and capable of being answered." (Defs.' Mem. Supp. Mot. Protective Order at 7.) However, Defendants assert that some of the information sought in this topic infringes on the attorney-client privilege and attorney work product protection. (Id.) Defendants insinuate that a response to Part E of Topic 14, which seeks the identities of the people who reviewed and assembled documents and determined whether the documents should be produced to Plaintiffs, is privileged because Defendants' counsel reviewed the documents and determined which documents to produce. (Id. Ex. D at 5.)

This mere allusion, with no articulation of specific facts or harm Defendants would suffer absent a protective order, is insufficient to meet Defendants' burden of showing good cause.[2] See Rolscreen, 145 F.R.D. at 96 (citations omitted). Thus, this portion of Defendants' motion

---

[1] The sentence was added to the rule because it was "apparently not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance." Fed. R. Civ. P. 34(b) advisory committee's note (1980). The Court trusts that this is not the case here.

[2] Of course, if Plaintiffs seek to take the deposition of opposing counsel, they must comply with Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986) and show that (1) no other means exists to obtain the information than to depose opposing counsel; (2) the information sought is relevant and not privileged; and (3) the information is crucial to the preparation of the case. Id. at 1323. However, Plaintiffs have not sought to depose opposing counsel in this matter, and the Court will therefore not address the issue.

is denied, and Defendants shall produce corporate representatives for deposition on this topic pursuant to Fed. R. Civ. P. 30(b)(6).

Defendants further argue that Part F of this topic is cumulative and identical to Plaintiffs' Topic 13. Whether the topics overlap or are duplicative is irrelevant. If Plaintiffs seek to depose a corporate representative on the topic of Defendants' organizational methods pursuant to Fed. R. Civ. P. 34(b), Plaintiffs may do so. The purpose of Rule 30(b)(6) is to give a corporate defendant notice as to specific topics on which it may be deposed, so that the corporation will produce knowledgeable deponents. See Fed. R. Civ. P. 30(b)(6) advisory committee's note (1970). Plaintiffs clearly notified Defendants that they intend to depose someone on the methods Defendants used to organize documents that have been produced in this matter. Plaintiffs' notice is not improper, and as noted in Part II.B.8. of this Order, Defendants have not shown good cause for a protective order on this topic. Thus, this portion of Defendants' motion is denied, and Defendants shall produce corporate representatives for deposition on this topic pursuant to Fed. R. Civ. P. 30(b)(6).

**10. Plaintiffs' 30(b)(6) Deposition Topic 15**

Plaintiffs seek to depose a corporate representative who is able to speak to Defendants' policies or practices in their retention or destruction of any documents "that may have been within the scope of the EEOC's informational requests or within the scope of the Plaintiffs'

document requests in this case . . . ." (Snyder Aff. Ex. A at 5-6.) Defendants would like the Court to believe that this topic spans all of Defendants' retention policies in all of their departments. (Defs.' Mem. Supp. Mot. Protective Order at 7-8.) The Court, however, understands the plain language of this topic to be clearly limited to documents related to this matter. As such, the Court finds that Defendants have not shown good cause for a protective order, and this portion of Defendants' motion is denied. Defendants shall produce corporate representatives for deposition on this topic pursuant to Fed. R. Civ. P. 30(b)(6).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiffs' Motion to Modify Portions of the Pretrial Schedule (Doc. No. 70) is **GRANTED IN PART** and **DENIED IN PART.** The deadline for filing non-dispositive motions shall be extended to September 30, 2001; and

(2) Defendants' Motion for Protective Order (Doc. No. 66) is **GRANTED IN PART** as to Plaintiffs' Topic Number Five, and **DENIED** as to the remainder of the motion.

Dated: March ____, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge