**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**EUGENE F. KOREN, ROBERT E. MJOLSNESS, RICHARD G. OLSON, JOHN H. STINSON, and WILLIAM R. TROEHLER, for and in behalf of themselves and other persons similarly situated,**

Plaintiffs,

v.

**SUPERVALU, INC., and PREFERRED PRODUCTS, INC.,**

Defendants.

Civil No. 00-1479 (PAM/JGL)

**ORDER**

APPEARANCES

Stephen Snyder, Esq. and Darrell Graham, Esq., for Plaintiffs.

Barbara D'Aquila, Esq., Patrick Martin, Esq., and Shelanda Ballard, Esq., for Defendants.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on April 26, 2001, on Plaintiffs' Motion to Compel Discovery (Doc. No. 95). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

MAY 1 8 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**Plaintiffs' Motion to Compel Discovery**

**A. Scope of Discovery**

The Federal Rules of Civil Procedure contemplate liberal discovery. The information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. That is, the information must be relevant to the subject matter of the litigation. Additionally, discovery should not be limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. Additionally, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. See Oppenheimer Fund, 437 U.S. at 351.

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the

> identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26(b)(1) (2000). The Rule limits discovery to material relevant to a claim or defense of any party. Prior to December 1, 2000, Rule 26(b) allowed for discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." Fed. R. Civ. P. 26(b)(1) (1993).

The Advisory Committee noted that under the previous Rule 26, and particularly in cases involving large quantities of discovery, discovery requests tended to "sweep far beyond the claims and defenses of the parties on the ground that they nevertheless have a bearing on the 'subject matter' involved in the action." Fed. R. Civ. P. 26 advisory committee's note. The amendment to Rule 26(b)(1) "is designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Id. Although the new rule intends for the parties to focus on the actual claims and defenses involved in the action, a variety of information "not directly pertinent to the incident in suit could be relevant to the claims or defenses" in the lawsuit, including information about organizational arrangements or filing systems, and

information that could be used to impeach a likely witness. Id. The new Rule allows discovery of any matter relevant to any existing claim or defense of any party, and signals there is no longer an entitlement to discovery of information to develop new claims or defenses not already identified in the pleadings. Id. However, under the new Rule 26(b)(1), the scope of discovery remains broad, and Plaintiffs need only to show relevance to the substance of any party's claim or defense in this action.

**B. Statistical Databases**

Plaintiffs seek several pieces of information contained in Defendants' statistical databases. Defendants claim they have given Plaintiffs all the information contained in Plaintiffs' Document Request No. 63, and therefore this portion of Plaintiffs' motion is denied as moot. In Plaintiffs' Interrogatory No. 22, Plaintiffs seek the identity of each employee of Defendants' Home Office and PPI from 1995 to the present, along with the following information: initial date of employment; position for which hired; dates, positions, and titles for any subsequent positions; date of birth; employment status; and final date of employment along with reason for termination. The Court finds that this interrogatory is overly broad and unduly burdensome, and therefore this portion of Plaintiffs' motion is denied.

**C. Assertions of Pattern and Practice of Age Discrimination Made By Randy Wiegand**

Plaintiffs seek a variety of documents relating to investigations conducted by outside counsel or others on behalf of

Defendants into allegations made by Randy Wiegand. These documents are protected by the attorney-client privilege and/or the work product doctrine, and therefore this portion of Plaintiffs' motion is denied.

**D. <u>Documents Regarding Leland Dake and Groups of Which He Was a Member</u>**

Plaintiffs seek various documents concerning all committees and task forces of which Leland Dake was a member. These document requests are overly broad. However, Plaintiffs name two specific committees, Supervalu's I/T Department Planning Steering Committee and Supervalu's ADVANTAGE Project Working Committee. Mr. Dake served on both of these committees, and Plaintiffs' Document Request Nos. 47 and 48 are relevant as they relate to those two committees. Therefore, this portion of Plaintiffs' motion is granted in part. Defendants shall produce the requested documents listed in Document Request Nos. 47 and 48 for Supervalu's I/T Department Planning Steering Committee and Supervalu's ADVANTAGE Project Working Committee.

**E. <u>Succession Planning and Employee Development</u>**

Plaintiffs seek essentially all documents generated from Defendants' succession planning, including all documents containing employees' ages or dates of birth, and all performance/potential grid forms. In large part, Plaintiffs have failed to establish the relevancy of their overly broad requests. However, Plaintiffs have shown that the Candidate Profile forms and Performance/Potential Grids are relevant to

their claims. Therefore, this portion of Plaintiffs' motion is granted. Defendants shall produce the Candidate Profile forms and Performance/Potential Grids generated for their Home Office and PPI and used in its succession and development processes.

**F. Other Age Discrimination Claims Against Defendants**

Plaintiffs seek documents relating to other age discrimination claims made against Defendants. This Court held in its Order of March 14, 2001 that this type of information is relevant and discoverable. Therefore, Plaintiffs' motion to compel production for Document Request Nos. 18-20 is granted. Plaintiffs' motion to compel production for Document Request Nos. 96-97 is granted in part and shall be limited to actual or potential age discrimination claims.

**G. Documents Submitted to Agencies in Response to Age Discrimination Charges**

Plaintiffs seek documents that Defendants submitted to the EEOC and the Minnesota Department of Human Rights ("MDHR") in connection with any administrative charges of age discrimination against Defendants, along with all documents used in preparing those submissions. Defendants claim they have provided much of this information, but have agreed to produce the remainder of the documents they provided to the EEOC. (Defs.' Mem. Opp. Pls.' Mot. Compel at 22.) Defendants state that no other documents exist. Therefore, this portion of Plaintiffs' motion is granted. Defendants shall produce the documents provided to the EEOC, along with an affidavit stating that no other

documents encompassed by these document requests exist that have not already been produced.

**H. Defendants' Employee Profiles Referencing ADVANTAGE**

Plaintiffs seek all employee profile documents that contain any reference to ADVANTAGE. Defendants assert that this request is vague and overly broad. However, Defendants provided a blank, highlighted employee profile form to the Court, agreeing to provide much of the information contained on it. Therefore, this portion of Plaintiffs' motion is granted in part. Defendants shall produce all employee profile forms for 1997, 1998, and 1999 that contain any reference to ADVANTAGE, and may omit the following information from the forms: file action name, file action date, pension service date, sex, marital status, vacation pay, severance pay, proposed salary change, review date, salary information, salary range information, home phone, company car, and chronological salary history.

**I. Defendants' Affirmative Defenses**

Plaintiffs seek all documents supporting or concerning each of the affirmative defenses contained in Defendants' Answer. These

documents are protected by the work product doctrine. See American Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 896 F. Supp 8, 13-14 (D. D.C. 1995). Thus, this portion of Plaintiffs' motion is denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery (Doc. No. 95) is **GRANTED IN PART** and **DENIED IN PART**. The portion of Plaintiffs' motion to compel production of their document request numbers 18-20, 21-22, 25, 47-48, 96-98, 101, and 105 is granted as set forth fully in the body of this Order. The portion of Plaintiffs' motion to compel production of their interrogatory number 22 and document request numbers 4, 40-41, 63, and 102-104 is denied.

Dated: May 18, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge