UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eugene F. Koren, Robert E. Mjolsness, Richard G. Olson, John H. Stinson, and William R. Troehler, for and in behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SUPERVALU INC. and Preferred Products, Inc.,<br><br>Defendants. | Civil No. 00-1479 PAM/JGL<br><br>**STIPULATION AND JOINT MOTION TO MODIFY PRETRIAL SCHEDULE AND PROPOSED ORDER** |

All parties to the above-captioned action, through their undersigned counsel, hereby stipulate and agree that, as a result of the Court's Order dated May 14, 2001, there is good cause to extend the pretrial schedule in this action as set forth herein pursuant to Local Rule 16.3(a).

Accordingly, the parties further stipulate and agree and hereby jointly move that the Court adopt and enter the proposed pretrial schedule set forth below:

1. The period during which the parties may conduct discovery shall terminate on February 8, 2002. Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate motion, and shall not be relied upon by any party as a justification for not adhering to this pretrial schedule;

2. All motions which seek to amend the pleadings or add parties must be filed and the hearing thereon completed on or before July 31, 2001;

MAY 29 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. All other non-dispositive motions, specifically those which relate to discovery and the discovery period, shall be filed and served on or before February 8, 2002. All non-dispositive motions shall be scheduled for hearing by calling Mary Lenner, Secretary for Magistrate Judge Jonathan G. Lebedoff. All non-dispositive motions shall be scheduled, filed, and served in compliance with Local Rule 7.1(a). A total of fifteen minutes will be allotted to each party who appears to present argument on the motion. The moving party may reserve up to five of the fifteen minutes for rebuttal. No discovery motion shall be heard unless the moving party files with the motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2;

4. No more than 25 interrogatories (counted in accordance with Fed. R. Civ. Pro. 33) shall be served by any party;

5. No more than 15 depositions (excluding expert depositions) shall be taken by any side without prior order of the court, provided, however, that each side shall be permitted up to two additional depositions of any non-expert witness for each person who shall hereafter opt into this action as an additional plaintiff;

6. That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Fed. R. Civ. P. 26(a)(2)(B), the report shall contain:

a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial by deposition or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefore;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibit to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before December 15, 2001.

The Defendant's disclosures shall be made on or before January 15, 2002.

7. The parties do contemplate taking expert depositions. No more than three (3) experts may be deposed by any party without prior order of the Court;

8. Each party shall fully supplement all discovery responses every 90 days, as such information becomes known. Any evidence responsive to a discovery request which has not been disclosed before the trial date, except for good cause shown, shall be excluded from evidence at trial;

9. All dispositive motions shall be served, filed and fully briefed prior to April 1, 2002. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b). Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive motion on the calendar;

10. This case shall be ready for trial on May 1, 2002, at which time the case will be placed on the Court's May 2002 trial calendar.

Dated: May 24, 2001

WINTHROP & WEINSTINE, P.A.

By: ______________________

Stephen J. Snyder, #103019
Craig A. Brandt, #214036

3200 Minnesota World Trade Center
30 East Seventh Street
St. Paul, Minnesota 55101
(651) 290-8400
Attorneys for Plaintiffs

Dated: May 25, 2001

FLYNN & GASKINS, LLP

By: ______________________

Barbara J. D'Aquila, #2112X
Patrick R. Martin, #259445

2900 Metropolitan Centre
333 South 7th Street
Minneapolis, MN 55402
(612) 333-9527
Attorneys for Defendants

ORDER

This matter came before the Court on the parties' Stipulation and Joint Motion to Modify the Pretrial Schedule. The Court hereby GRANTS said motion in all respects and adopts the proposed pretrial schedule set forth therein.

SO ORDERED.

Dated: May 29, 2001

______________________
JONATHAN LEBEDOFF
United States Magistrate Judge

idmsstp:625948_1