**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**EUGENE F. KOREN, ROBERT E. MJOLSNESS, RICHARD G. OLSON, JOHN H. STINSON, and WILLIAM R. TROEHLER, for and in behalf of themselves and other persons similarly situated,**

Plaintiffs,

**v.**

**SUPERVALU, INC., and PREFERRED PRODUCTS, INC.,**

Defendants.

Civil File No. 00-1479 (PAM/JGL)

**ORDER**

APPEARANCES

Stephen Snyder, Esq., Darrell Graham, Esq., and Chuanpis Santilukka, Esq., for Plaintiffs.

Barbara D'Aquila, Esq., and Pat Martin, Esq., for Defendants.

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on June 21, 2001, on Plaintiffs' Motion for Protective Order Regarding Deposition Scheduling (Doc. No. 135) and Plaintiffs' Motion to Require Defense Counsel to Comply With Rule 30(d)(1) During Deposition and for Appropriate Sanctions. (Doc. No. 139). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. FACTS

This litigation arises out of an employment discrimination case brought under the Age Discrimination in Employment Act. Discovery has been hampered by shockingly poor communication between the parties, specifically regarding deposition scheduling and the scope of the depositions. The Rule 30(b)(6) depositions at issue here were conducted under an Order of this Court dated March 14, 2001. In the pending motions, Plaintiffs seek a protective order requiring that depositions will last no longer than a total of two consecutive days. Plaintiffs also seek to compel Defendants' counsel to comply with Federal Rule of Civil Procedure 30(d)(1) during depositions and for sanctions for defense counsel's past deposition conduct.

## II. DISCUSSION

### A. Motion Regarding Deposition Scheduling

The Federal Rules of Civil Procedure impose a presumptive limit on depositions to "one day of seven hours." Fed. R. Civ. P. 30(d)(2); Fed. R. Civ. P. 30(d) advisory committee's note (2000 amendments) (contemplating "reasonable breaks" during the deposition). The one-day limit was imposed in 2000 to help avoid undue deposition costs and delays. See id. The length of a deposition may be modified by agreement or court order. See Fed. R. Civ. P. 30(d)(2).

The Federal Rules contemplate that parties and witnesses will make "reasonable accommodations" to avoid court intervention. See Fed. R. Civ. P. 30(d) advisory committee's note (2000 amendments). Court intervention is appropriate only for good cause and only after the moving party has made a good faith effort to resolve the dispute without court action. See Fed. R. Civ. P. 26(c). "The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Fed. R. Civ. P. 30(d)(2).

Defendants argue that during the pretrial scheduling conference Chief Judge Paul Magnuson declined to limit the length of Defendants' depositions. However, the Pretrial Order resulting from that conference contains no such direction. Defendants also argue that unemployment cases are unique and require more extensive depositions than other civil cases. In addition, Defendants argue that taking depositions on non-consecutive days would "streamline" the process because reviewing the first day's transcripts would allow them to frame subsequent questions more succinctly. Defendants further argue that the hectic schedules of counsel and witnesses limit opportunities for consecutive-day depositions. As an alternative to limitless depositions, Defendants propose a three-day limit on depositions.

Plaintiffs respond that Defendants have provided no valid, good faith reason for circumventing the "one-day" rule or for refusing to schedule depositions on consecutive days. Plaintiffs propose a modification of the rule to accommodate two-day depositions.

This Court deems two consecutive days a reasonable amount of time for a deposition. The rule provides for one-day depositions. However, due to the unique issues in employment cases articulated by the Defendants, the Court finds that two days may be necessary for some depositions. For efficiency, cost-containment, and witness convenience, these depositions must be scheduled on consecutive days, absent an agreement by the parties. Thus, Plaintiffs' motion requiring depositions to last no longer than two consecutive days is granted. This applies to depositions conducted by both parties.

### B. Motion Regarding Deposition Conduct and Sanctions

#### 1. Deposition Conduct

Defense counsel has the right to object to questions they feel are inappropriate or beyond the scope of the noticed deposition. However, "[a]ny objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner." Fed. R. Civ. P. 30(d)(1). Objections should be made so as to avoid unfair frustration and lengthy

objections and colloquy. See Fed. R. Civ. P. 30(d), advisory committee's note (1993 amendments).

> While objections may. . . be made during a deposition, they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, i.e., objections on grounds that might be immediately obviated, removed, or cured, such as the form of a question or the responsiveness of an answer. Under Rule 32(b), other objections can, even without the so-called "usual stipulation" preserving objections, be raised for the first time at trial and therefore should be kept to a minimum during a deposition.

Id.

Plaintiffs argue that defense counsel's objections, interruptions, and questions during Plaintiffs' depositions have made it almost impossible to take depositions efficiently. Defense objections make up almost half the entire transcript of one deposition. In addition, Plaintiffs assert that defense counsel interrupted appropriate lines of questioning, resulting in "impairment" and "delay" which "frustrated the fair examination of deponents."

Defendants respond that their objections were necessary because Plaintiffs' questions were beyond the scope of the deposition notices, that the transcripts demonstrate that defense counsel did not interrupt or object during properly conducted depositions, that Plaintiffs' counsel asked harassing and irrelevant questions, and that Plaintiffs' counsel refused to

accommodate the scheduling requirements of Defendants' witnesses and counsel.

After reviewing the transcripts, the Court first finds that the conduct of defense counsel, Ms. D'Aquila, was oftentimes harassing, resulting in lengthy and frustrating depositions. Although Ms. D'Aquila may have legitimate reasons for her objections, the legal arguments are lost amidst her obstructionist language and threats to walk out of the deposition. In addition, the Court finds that some of the questions asked by Plaintiffs' counsel were irrelevant and clearly beyond the scope of the deposition notice, particularly the questions regarding deponents' family situations.

The question whether or not Plaintiffs' other questions were beyond the scope of the notices is not before this Court. Federal Rule of Civil Procedure 30(d)(1) provides the appropriate remedy should defense counsel feel the deposition questioning is too broad. In the alternative, counsel for both parties have the right to bring a motion to terminate any deposition which, in their opinion, is "being conducted in bad faith or in such manner as to unreasonably to annoy, embarrass, or oppress the deponent or party." Fed. R. Civ. P. 30(d)(4).

In light of these findings, Plaintiffs' Motion to Require Defense Counsel to Comply With Rule 30(d)(1) During Depositions is granted. Both parties are to conduct themselves in professional and non-harassing ways

during depositions. Deposition questions must be confined to the noticed topics, keeping in mind the broad discovery contemplated under Fed. R. Civ. P. 26(b)(1). Any objections are to be stated quickly, quietly, and succinctly without personalization or unnecessary colloquy. Objections must comply with Federal Rule of Civil Procedure 30(d)(1) and be concise, non-argumentative, and non-suggestive. If, in the opinion of counsel, a deposition is becoming intolerable because questions are beyond the scope of the notice, the appropriate course of action is to terminate the deposition. To effectuate efficient, professional depositions, counsel are ordered to meet and confer prior to noticed depositions to discuss and resolve, as much as possible, points of disagreement.

**2. Sanctions**

Once the Court has found that "any impediment, delay, or other conduct has frustrated the fair examination of the deponent," the Federal Rules authorize the Court to "impose upon the persons responsible an appropriate sanction." Fed. R. Civ. P. 30(d)(3). "The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct." Fed. R. Civ. P. 30(d) advisory committee's note (1993 amendments).

Plaintiffs argue that defense counsel's behavior during the Court-ordered Rule 30(b)(6) depositions warrants sanctions not only under

Rule 30(d)(3) but also under Federal Rule of Civil Procedure 37(b)(2) because the depositions were taken pursuant to this Court's Order dated March 14, 2001. Rule 37(b)(2) lists appropriate sanctions. See Fed. R. Civ. P. 37(b)(2).

Sanctions have been imposed against attorneys who engage in deposition conduct that is "discourteous, disruptive and unprofessional" in violation of Rule 30. See Olson v. Kmart, 175 F.R.D. 570, 572-73 (D. Kan. 1997) (explaining that sanctions were appropriate when "arguing and bickering" represented ten percent of the deposition transcript). However, most courts addressing this issue have awarded sanctions because counsel instructed witnesses not to answer questions or coached witnesses during the deposition. See Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 557-558 (8th Cir. 1992); In re Stratosphere Corp. Sec. Litig., 182 F.R.D. 614, 618 (D. Nev. 1998); Armstrong v. Hussmann Corp., 163 F.R.D. 299, 302-304 (E.D. Mo. 1995) (awarding sanctions for counsel's "vexatious conduct" during deposition which included instructing the witness not to answer when there was no danger of violating a privilege); Int'l Union of Elec., Radio & Mach. Workers v. Westinghouse Elec. Corp., 91 F.R.D. 277, 280 (D. D.C. 1981).

The deposition transcripts demonstrate that although defense counsel interrupted deposition questioning numerous times, defense counsel never instructed her witnesses not to answer Plaintiffs' questions, except on

privilege grounds. In addition, Plaintiffs do not contend that they were unable to elicit acceptable responses from the witnesses. At one point during oral argument, counsel for Plaintiffs suggested that re-taking the interruption-fraught depositions might be an appropriate sanction. Although Plaintiffs did have an estimate of expenses associated with the depositions at issue, no other concrete suggestions regarding sanctions were offered with respect to the present motion. In fact, Plaintiffs' counsel stated in oral argument that what Plaintiffs really want is for the disruptive conduct to stop so that depositions can be conducted efficiently and professionally.

Based on the deposition transcripts and the oral argument, this Court finds that Ms. D'Aquila engaged in uncivil and abusive tactics during the Rule 30(b)(6) depositions, thereby unnecessarily prolonging the depositions. This kind of behavior not only prolonged the depositions, it also portrayed the legal profession in a poor light to members of the public. The Preamble to the Minnesota Rules of Professional Conduct cautions that attorneys should "strive to . . . improve the legal profession." Minn. R. Prof'l Conduct pmbl.

However, Plaintiffs do not contend that this behavior prevented Plaintiff from conducting a successful deposition or that witnesses were counseled not to answer questions. In addition, Plaintiffs can be made whole by granting the first part of their motion, that Defendants' future

deposition conduct comport with the spirit and requirements of Rule 30(d)(1).

This Court has made no secret of its disappointment with the lack of communication and enmity between counsel. The Court, like Plaintiffs' Counsel, wants the improper behavior to stop and for professional demeanor to prevail. The parties are encouraged to bear in mind the Advisory Notes to Federal Rule of Civil Procedure 30(d) which states: "In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer." Fed. R. Civ. P. 30(d) advisory committee's note (1993 amendments). Since this Court's displeasure is well documented, counsel should be able to find the correct parameters and conduct themselves during depositions in the same professional manner this Court requires in the Courtroom.

Therefore, Plaintiffs' motion is granted as to requiring defense counsel to comply with Rule 30(d)(1) during depositions and denied as to sanctions.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiffs' Motion for Protective Order Regarding Deposition Scheduling (Doc. No. 135) is **GRANTED** as set forth in the body of this Order; and

(2) Plaintiffs' Motion to Require Defense Counsel to Comply with Rule 30(d)(1) During Deposition and for Appropriate Sanctions (Doc. No. 139) is **GRANTED IN PART** with regard to deposition conduct as set forth in the body of this Order and **DENIED IN PART** with regard to sanctions.

Dated: June 26, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge