UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eugene F. Koren, Robert E. Mjolsness, Richard G. Olson, John H. Stinson, and William Troehler, for and on behalf of themselves and other persons similarly situated,

Plaintiffs,

v.

Supervalu, Inc. and Preferred Products, Inc.,

Defendants.

Civ. File No. 00-1479 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on a non-party witness' objection to Magistrate Judge Jonathan Lebedoff's denial of a protective order, dated January 7, 2002. The Court must modify or set aside any portion of the Magistrate Judge's opinion found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). Based on a review of the record and the submissions of the parties, the Court concludes that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law.

Non-party witness Leland Dake objects to Magistrate Judge Lebedoff's order denying his motion for a protective order. In his motion, Dake seeks to prevent his deposition from being taken by Plaintiffs' attorneys, Gray, Plant, Mooty, Mooty & Bennett, P.A. ("Gray Plant"). Specifically, Dake contends that such a deposition would be "directly adverse" to

FILED FEB 2 0 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

his interests within the meaning of Minnesota Rules of Professional Conduct Rule 1.7(a) because he has been a client of Gray Plant since 1999.

The Magistrate Judge properly found that there is an ongoing attorney-client relationship between Dake and Gray Plant. This finding has not been contested on appeal. The critical issue is whether the deposing of Dake by Gray Plant is directly adverse to Dake's interest. Rule 1.7(a) provides that a "lawyer shall not represent a client if the representation of that client will be directly adverse to another client" unless certain conditions are met, including consent by both clients. Minn. Rules of Prof'l Conduct R. 1.7(a). As the record reflects, Dake did not consent and his lack of consent is the basis for this appeal.

There are no Minnesota cases on point regarding the type of non-party relief sought by Dake. Accordingly, the Court looks to the comment of Rule 1.7 for guidance. The comment to Rule 1.7 states that a lawyer cannot "act as advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated." Id. 1.7 cmt. The comment makes clear, however, that the Rule applies to the "representation of opposing parties in litigation." Id. In the instant case, Dake is not a party in this litigation; rather, he is merely a deponent. The comment goes on to say that "simultaneous representation in unrelated matters of clients whose interest are only generally adverse, such as competing economic enterprises, does not require consent of the respective clients." Id. As the Magistrate Judge noted, Dake's relevant interest is his estate plan, which is in no way adverse to Plaintiffs'

employment lawsuit against Defendant.

The Court is aware that a series of events throughout the course of this litigation could potentially raise future conflicts between Dake and Gray Plant. However, these future considerations are too remote to be considered at this juncture, and any review by this Court on such speculative concerns would be premature.

The Court has throughly reviewed the record regarding Magistrate Judge Lebedoff's order denying Dake's motion for a protective order. Based on that review and all the submissions of the parties, the Court finds that the Magistrate Judge's Order was not clearly erroneous or contrary to law. Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Leland Dake's Appeal (Clerk Doc. No. 193) is **DENIED**; and

2. The Order of Magistrate Judge Jonathan Lebedoff (Clerk Doc. No. 192) is **AFFIRMED**.

Dated: February 20, 2002.

Paul A. Magnuson
United States District Court Judge