**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

KOREN, et al.,

Plaintiffs,

Civil No. 00-1479 ADM/AJB

v.

**ORDER ON MOTIONS**

SUPERVALU, INC., et al.,

Defendants.

---

The above matter came before the Court on motions by Plaintiffs and Defendants. A hearing was held on Ocotober 16, 2002, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Stephen J. Snyder, Esq., and Craig A. Brandt, Esq., argued on behalf of Plaintiffs, and Barbara Jean D'Aquila, Esq., argued on behalf of the Defendants. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion to Strike Portions of the Affidavit of Mary Dunn Baker, PhD, and Mark Scmit is **denied**. [Docket No. 260].

2. Plaintiffs' Motion for Clarification of the Status of Opt-in Consent of Glenn E. Fischer is **denied**. [Docket No. 263].

3. Defendants' Alternative Motion Regarding Plaintiffs' Motion for Clarification is **moot**. [Docket No. 266].

4. Plaintiffs' Motion for Sanctions Under Rule 37(b)(2) is **denied**. [Docket No. 271].

5. Defendants' Motion to Strike Arnold Silberman as an expert and certain of Plaintiffs'

OCT 23 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

exhibits and witness affidavits is **denied**. [Docket No. 302].

**IT IS FURTHER ORDERED THAT** the parties shall be ready for trial sixty days after oral argument on Defendants' Motion for Summary Judgment.

Dated: 10/23/02

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

**Plaintiffs' Motion to Strike Portions of the Affidavit of Mary Dunn Baker, PhD, and Mark Schmit**

Plaintiffs argue that part of Baker's affidavit in support of summary judgment should be stricken because it was not part of her expert report and was therefore submitted past the deadline for expert discovery. Plaintiffs also argue that this Court should strike the portions of Mark Schmit's affidavit discussing behavioral interviews. They contend that Schmit was identified as a fact witness and that his discussion of behavioral interviews constitutes an impermissible expert opinion that is untimely and exceeds Defendants' allotted number of expert witnesses.

The Motion is denied. These are issues best addressed by the District Court when it considers summary judgment. A court may not consider evidence at summary judgment that would not be admissible at trial. Mays v. Rhodes, 255 F.3d 644, 648 (8th Cir. 2001). However, the issue is for the District Court to decide as it considers summary judgment. A party opposing summary judgment "must show that admissible evidence will be available at trial to establish a genuine issue of material fact. Rule 56 of the Federal Rules of Civil Procedure, however, does

not require an unequivocal conclusion that the evidence will be admissible at trial as a condition precedent to its consideration on a summary judgment motion, nor need the evidence be judged on the same basis as evidence at trial." Multi-Tech Systems, Inc. v. Hayes Microcomputer Products, Inc., 800 F.Supp. 825, 844-45 (D.Minn.1992) (Citations omitted.). It is not appropriate for this Court to make unequivocal determinations on the admissibility of evidence submitted in favor of or in opposition to summary judgment. The District Court is in the best position to review the summary judgment submissions and decide what evidence to consider in reaching its decision.

**Plaintiffs' Motion for Clarification of the Status of Opt-in Consent of Glenn E. Fischer**

Fischer filed a consent to become a party to this action on September 13, 2000. Plaintiffs then brought an action to amend the complaint to include Fischer. On January 19, 2001, Magistrate Judge Lebedoff issued an order deciding that Fischer "is not a proper party to this suit." District Judge Magnuson affirmed the order when he decided on March 13, 2001, that "Fischer may not be added as a Plaintiff to this lawsuit." In conjunction with this ruling, Judge Magnuson found that Defendants' motion for summary judgment against Fischer was moot because he was not a party to the case.

Plaintiffs argue that Fischer became a party to this case when he filed his opt-in consent form and that the Court's denial of their motion to amend the complaint could not remove him as a party. The Plaintiffs therefore allege that Fischer is still a party to this action and that the Defendants' summary judgment motion was not moot and should be decided.

Plaintiffs' Motion is denied. The issue has already been decided by Magistrate Judge

Lebedoff and affirmed by District Judge Magnuson. This court will not revisit those prior rulings.

Plaintiffs also wish to clarify Fischer's rights on appeal. However, this Court does not issue advisory opinions. Fischer's rights on appeal is an issue to be decided by the appellate court.

**Defendants' Alternative Motion Regarding Plaintiffs' Motion for Clarification**

Defendants filed a motion requesting several forms of alternative relief if Fischer was adjudged a party in this action. Defendants (1) argue that Plaintiffs never received, and indeed never asked for, leave to seek reconsideration of Judge Magnuson's ruling; (2) ask that summary judgment be entered against Fischer; and (3) request that discovery be reopened and all discovery deadlines extended so that they might conduct discovery regarding Fischer. In the alternative, Defendants move to strike the Plaintiffs' motion and reply brief on this issue because it is actually an untimely non-dispositive motion. This Court concludes that all of these issues are moot.

**Plaintiffs' Motion for Sanctions Pursuant to Rule 37(b)(2)**

On June 28, 2002, Magistrate Judge Lebedoff ordered Defendants to "fully respond" to Plaintiffs' Interrogatory No. 26, which asked Defendants to specify all facts supporting the thirty affirmative defenses asserted in their Joint Answer to Plaintiff's Amended Complaint. Defendants submitted a new response, but Plaintiffs move for sanctions under Rule 37(b)(2). Plaintiffs argue that Defendants did not comply with the order and tha their answer is "evasive or incomplete." Plaintiff asks this Court to (1) strike the seven affirmative defenses where Defendants' answers were vague or (2) limit Defendants' evidence on those affirmative defenses

at trial to the facts found in the content of their responses.

Plaintiffs' motion is denied. Defendants fully responded to Plaintiffs' Interrogatory No. 26. Defendants' answers were not "evasive or incomplete" and do not merit sanctions under Rule 37(a)(3).

**Defendants' Motion to Strike Arnold Silberman as an expert and certain of Plaintiffs' exhibits and witness affidavits**

Defendants argue that this Court should strike Arnold Silberman as an expert because they contend he is not qualified to proffer expert testimony under Daubert. They allege that Silberman's educational background is insufficient for him to qualify as an expert and point to some of Silberman's testimony that suggests he does not have knowledge of the current law relating to age discrimination. However, these are all matters for the District Court to take into account when it considers Silberman's testimony.

Defendants also argues that certain of Plaintiffs' exhibits and witness affidavits should be stricken because they lack foundation. This too is a matter for the District Court to consider when deciding summary judgment.

The Court views both parties' motions to strike as efforts to address traditional summary judgment issues outside the page limits imposed for summary judgment in this case. The District Court may wish to consider whether the parties have waived such objections to the extent that these issues were not addressed in their summary judgment briefs, the limits of which were expanded by the Court. The expansion provided the parties with ample opportunity to address these issues.

AJB